IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAE JAVAR COMPTON, | : | |
| Petitioner, | : | 1:18-cv-2115 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DAVID J. EBBERT, | : | |
| Respondent. | : | |

## MEMORANDUM

February 5, 2020

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by Petitioner Trae Javar Compton ("Compton"), an inmate in the custody of the Federal Bureau of Prisons ("BOP"). Compton contends that his constitutional rights were violated during a multitude of prison disciplinary proceedings conducted while he was incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"). (Doc. 1). He also alleges that he is being illegally held in the Special Management Unit ("SMU").

The petition is ripe for disposition and, for the reasons set forth below, will be denied in part and dismissed in part.

I. **BACKGROUND**

Compton alleges that the disciplinary proceedings that transpired following the issuance of Incident Report Numbers 2828416, 2928319, 2928499, 2928836,

2943200, and 3184195, impinged on his free speech afforded by the First Amendment, resulted in violations of the due process clause of the Fifth Amendment, and constituted cruel and unusual punishment in violation of the Eighth Amendment. (Doc. 1, p. 4). He also alleges that he is illegally confined to the SMU.

### A. Incident Report Numbers 2828416, 2928319, 2928499, 2928836, and 2943200, and SMU challenge

Compton challenged Incident Report Numbers 2828416, 2928319, 2928499, 2928836, and 2943200, and his alleged illegal confinement in the SMU, in a prior petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed in this court, *Compton v. Ebbert*, Civil No. 1:18-cv-0220. On September 3, 2019, the Court issued a Memorandum and Order dismissing the petition as it related to these incident reports and the SMU claim based on his failure to exhaust the BOP's available administrative remedy procedures.

### B. Incident Report Number 3184195

On October 24, 2018, Compton received incident report number 3184195 for making a sexual proposal or threats in violation of prohibited act codes 206 and 298, based on his conduct of "standing in the cell window of cell 204 blowing [corrections officer A. Brockman] a kiss." (Doc. 10-1, pp. 5, 6). At a November 5, 2018 hearing, the Disciplinary Hearing Officer ("DHO") found Compton guilty

of prohibited act code 312, insolence towards a staff member. (Id. at 7). The DHO sanctioned Compton with ninety days loss of commissary and telephone privileges, and directed that all his personal property, except his legal and religions materials, be impounded for ninety days. The DHO did not impose the sanction of loss of good time.

## II. DISCUSSION

### A. Habeas Relief

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court*

*Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)).

    1.    <u>Incident Report Numbers 2828416, 2928319, 2928499, 2928836, 2943200 and SMU Placement</u>

All habeas claims related to the above incident reports and the challenge to placement in the SMU have previously been addressed by the Court in the matter of *Compton v. Ebbert*, Civil No. 1:18-cv-0220, and denied based on Compton's failure to exhaust the BOP's available administrative remedy procedure. There is no indication that he has rectified his failure to avail himself of this procedure. As such, there is no cause to revisit these claims.

    2.    <u>Incident Report Number 3184195</u>

Compton alleges, *inter alia*, that his due process rights were violated during the disciplinary proceeding associated with Incident Report Number 3184195. The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides: "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. A federal inmate's procedural due process challenge to a disciplinary proceeding that results in the loss of good conduct time is properly brought under 28 U.S.C. § 2241, because the loss of good conduct time impacts the duration of the inmate's confinement. *See*

*Preiser*, 411 U.S. at 500; *Wolff v. McDonnell*, 418 U.S. 539, 555-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991).

Compton's due process challenge is not cognizable in a habeas petition. The finding of guilt rendered in Incident Report Number 3184195 did not result in the sanction of loss of good conduct time. And the disciplinary sanctions he received, loss of privileges and impounding of personal property, do not implicate liberty interests that are protected by the Due Process Clause. Because Compton did not suffer the loss of good conduct time, the outcome of his habeas corpus petition does not affect the length or duration of his confinement. *See Leamer*, 288 F.3d at 542 (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time). Consequently, the petition as it relates to Incident Report Number 3184195 is subject to dismissal.

### B. Civil Rights Claims

When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993). Careful review of the First and Eighth Amendment

claims raised by Compton reveals that he does not seek speedier or immediate release from custody or challenge the legality of his incarceration. Rather, these claims are a challenge to the conditions of his confinement. Because he seeks to impose liability due to the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action. Consequently, these claims will be dismissed without prejudice to Compton's right to reassert them in a properly filed civil rights complaint.

## III. **CONCLUSION**

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed in part and denied in part.

The Court will enter an appropriate Order.